UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JEROME D. ROBERTSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:18 CV 336 |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Jerome D. Robertson, a prisoner without a lawyer, filed a *habeas corpus* petition challenging his prison disciplinary hearing in NCF 18-04-0001 where a Disciplinary Hearing Officer (DHO) at the New Castle Correctional Facility found him guilty of impairment of surveillance in violation of B-209 on April 5, 2018. (DE # 1 at 1.) As a result, Robertson was sanctioned with the loss of 20 days earned credit time. (DE # 10-2 at 1.)

After Robertson filed his petition, the Indiana Department of Correction ("IDOC") Final Reviewing Authority decided to vacate the disciplinary conviction and remand the case for a new hearing. (DE # 10-1 at 1.) Based on the IDOC's action, the Warden has moved to dismiss the petition as moot. (DE # 10.) Robertson has responded to the motion by filing: (1) an affidavit supporting his disciplinary appeals (DE # 13), (2) an objection to the rehearing (DE # 14), and (3) a motion for an extension of time and to strike his past conduct summary (DE # 15). In his filings, Robertson objects to the rehearing and asks the court to issue a ruling on the merits of his petition and

ultimately dismiss it.

The guilty finding and sanctions Robertson challenged in his petition have been vacated. (DE # 10-1 at 1.) As a result, the petition has now become moot. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prison disciplinary conviction can be challenged in a federal *habeas* proceeding only if it lengthened the duration of the petitioner's confinement); *see also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated."). While Robertson has objected to the Warden's motion to dismiss his petition, the applicable law provides that he cannot pursue *habeas corpus* relief in connection with a disciplinary proceeding unless it lengthened his sentence. *Hadley*, 341 F.3d at 664. Because this disciplinary action has not resulted in the lengthening of the duration of Robertson's confinement, *habeas corpus* relief is not available. Therefore, Robertson cannot obtain any relief in this *habeas corpus* proceeding and his case must be dismissed.

For these reasons, the motion (DE # 10) is **GRANTED** and the case is **DISMISSED**. The clerk is **DIRECTED** to close this case.

**SO ORDERED.**

Date: January 15, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT