# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

**JEROME D. ROBERTSON,**

        Petitioner,

        v.                                      No. 2:18 CV 336

**WARDEN,**

        Respondent.

## OPINION and ORDER

On September 10, 2018, Jerome D. Robertson, a prisoner without a lawyer, filed a habeas corpus petition challenging his prison disciplinary hearing in NCF 18-04-0001. (DE # 1.) A hearing officer at the New Castle Correctional Facility found him guilty of impairment of surveillance in violation of Indiana Department of Correction (IDOC) policy B-209 on April 5, 2018. (*Id.*) As a result, he was sanctioned with the loss of 20 days earned credit time. (DE # 10-2 at 1.)

On December 20, 2018, the Warden filed a motion to dismiss Robertson's petition as moot because IDOC vacated the guilty finding and sanctions imposed in NCN 18-04-0001, and designated the case for rehearing. (DE # 10; 10-1 at 1.) The Warden asserted dismissal was appropriate because Robertson's disciplinary hearing no longer resulted in the lengthening of duration of his confinement. (DE # 10; 11.) The court granted the Warden's motion to dismiss on January 15, 2019, because there was no case left for the court to decide and nothing left for Robertson to litigate with respect to his petition. (DE # 16.) *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge disciplinary

determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement).

On February 4, 2019, Robertson filed a motion objecting to the court's dismissal of his petition. (DE # 19.) In his motion, he assets that the court should not have dismissed his petition because his due process rights were violated and IDOC did not vacate the sanctions in NCN 18-04-0001. (*Id.*) However, Robertson is incorrect and his motion will be denied. In this case, IDOC vacated the guilty finding and sanctions imposed in NCN 18-04-0001, and ordered a rehearing. (DE # 10-1 at 1.) As stated, because the guilty finding and sanctions in this case were vacated, there was no habeas corpus relief available for Robertson with respect to this petition or case. Therefore, the court appropriately dismissed his case.

If Robertson wishes to challenge the rehearing in NCN 18-04-0001, he must file a new case. He should not file any further petitions, letters, or documents in this case.

For these reasons, the court:

(1) **DENIES** Jerome Robertson's Motion to Object to Opinion and Order (DE # 19);

(2) **DENIES AS MOOT** Jerome Robertson's Motion to Rectify Manifest Injustice (DE # 20); and

(3) **DIRECTS** the Clerk to send Jerome Robertson a blank AO 241 (Rev. 1/15) (INND Prison Disciplinary Rev. 8/16) form so that he may file a new case challenging his rehearing, if he wishes to do so.

**SO ORDERED.**

Date: July 31, 2019

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT